BANK OF AMERICA NAT. TRUST & SAV-
INGS ASS'N v. DOUGLAS et al.

No. 8262.

United States Court of Appeals for the
District of Columbia.

Argued Oct. 19, 1942.

Decided Nov. 16, 1942.

Messrs. Morse Erskine, of San Fran-
cisco, Cal., pro hac vice by special leave of
court, and Louis Ferrari, of San Francisco,
Cal., with whom George David Schilling,
of San Francisco, Cal., and Chas. W. Col-
lins, of Washington, D. C., were on the
brief, for appellant.

Mr. J. Leonard Townsend, of Phila-
delphia, Pa., Securities and Exchange Com-
mission, with whom Mr. John F. Davis,
of Philadelphia, Pa., Securities and Ex-
change Commission, and Mr. Chester T.
Lane, of Washington, D. C., Department of
Justice, were on the brief, for appellees.

Before GRONER, Chief Justice, and
VINSON and EDGERTON, Associate
Justices.

PER CURIAM.

This appeal is the continuation of a long-
standing controversy primarily between
Transamerica Corporation and Securities
and Exchange Commission. In its earlier
stage the matter was brought to our at-
tention on an appeal by appellant Bank, a
subsidiary of Transamerica, from a decree

of the District Court dismissing a complaint brought by it in 1939. The Commission, in 1938, in anticipation of a proceeding to determine whether Transamerica's registration of shares of its capital stock should be suspended, obtained from the Secretary of the Treasury permission to examine the reports of Bank Examiners made to the Comptroller of the Currency with reference to the Bank, and purposed using these reports to sustain its charge that Transamerica had filed false and misleading statements of facts in its application. The original suit sought an injunction against this use by the Commission.

The principal question we had to decide in that suit was whether the Commission might lawfully use the Bank Examiners' figures and reports to the Comptroller, and we held, inter alia: (1) that the delivery of the reports by the Secretary of the Treasury to the Commission was authorized and legal; (2) that their use in carrying out the investigatory function of the Commission was proper; and (3) that except to the extent necessary to carry out that purpose, the reports should be treated as confidential. We reversed the dismissal by the lower court, but, upon assurances by the Commission that the use of the reports would be in accordance with our opinion, we issued no injunction, and instead directed that the cause remain on the trial docket with the right in the Bank to apply for further relief if it should become necessary.[1]

After our decision it was agreed between the Commission and Transamerica that the former should examine the books of the latter and its subsidiaries and furnish Transamerica a copy of an audit to be made. The Commission examined the books of Transamerica and other of its subsidiaries, but did not examine the books of the Bank. It then filed a supplemental order for hearing. That order included certain specifications of charges against Transamerica, which the Bank claims violated the limitations imposed in our opinion in that they contained evidentiary facts obtained from the Bank Examiners' records. However, before the hearings, Transamerica and the Commission made another agreement amending the Commission's order by striking therefrom the paragraphs in which the objectionable matter appeared. The hearings were again ad-journed. In January, 1942, this supplemental complaint was filed, naming as defendants the same persons named in the original complaint, as well as those who had subsequently become members of the Commission.

■ The District Court dismissed as to the original defendants who were no longer members of the Commission. This was correct and we affirm. The Court then dismissed as to all defendants on the grounds that it had no jurisdiction, since the suit was one for breach of contract, in which the United States was a necessary party, and that in any case the issues raised were moot.

On this appeal the Bank's points are:

(1) That the Commission violated the instructions of this court by making public unproven charges based on information obtained from an inspection of the Bank Examiners' reports to the Comptroller, and that notwithstanding the agreement to strike this improper matter and to make no use of it in the subsequent proceedings, the Commission intends to violate its agreement by introducing evidence in relation to such subjects as though no such agreement had been made.

(2) That the Comptroller having approved the Bank's reports, his action in respect thereto was conclusive, and that the Commission should be restrained from substituting its opinion for that of the Comptroller.

(3) That the Commission in refusing to carry out its promise to Transamerica to deliver it a copy of the audit of its books is inflicting irreparable injury upon the Bank.

We do not doubt that the lower court had jurisdiction to consider the Bank's complaint and to afford relief in a proper case. The action complained of in the present proceeding has a direct relation to the matters considered on the first appeal and there left to be dealt with if and when the necessity arose. In our former opinion we endeavored to delimit certain phases of the future proceedings. The foundation of the present complaint is that the Commission has gone beyond those limits and violated the terms of our decision. If this were shown, our obligation would be clear. But the record convinces us that the complaint wholly fails to show any proper grounds for further relief.

---

[1] 70 App.D.C. 221, 105 F.2d 100, 123 A.L.R. 1266.

By stipulation between Transamerica and the Commission the latter agreed to expunge from the order for hearing that material which the Bank alleges transgressed our admonition against publication. In turn, Transamerica agreed to file certain amendments to its application for registration. Neither the amendments, nor the fact of their filing, were to be used in any way for the purpose of establishing any of the remaining issues in the proceeding, nor was any notice to be taken of, nor any reference made to, the amendments in subsequent proceedings.

The effect of this agreement was to take out of the scope of the investigation all questions directly involving the Bank, or the correctness of any of its reports, and to confine the hearings to matters pertaining to Transamerica and its other subsidiaries. Consequently there is nothing now remaining in the Commission's order which can result in the Bank's being required to do anything.

■ The Commission is an important instrumentality of the Government of the United States, and we have the right to presume that it will conduct the hearing in accordance with its agreement, as well as in accordance with our former opinion. The objectionable matter was expunged from the order for hearing before this supplemental complaint was filed. In its present form the order contains nothing to justify the charge that the Commission still challenges the correctness of the Bank's reports to the Comptroller, and we have the assurance of counsel for the Commission, both at the bar and in the brief, that the reports are now accepted by the Commission without criticism. The District Court, therefore, correctly held that the matter was moot.

■ The Bank claims a violation of the earlier agreement between the Commission and Transamerica, by which the Commission was given the right to examine the books of the latter and its subsidiaries, and by which it bound itself to furnish an audit to Transamerica. While it is alleged that no audit has been furnished, it does not appear that an examination of the Bank's books was ever made. In these circumstances we are not convinced that even if, as alleged, the agreement was made for the benefit of the Bank, it can complain of the failure to furnish the audit to Transamerica. The complaint shows no injury to the Bank as the result of this failure, nor any reason why it is, or should be, interested in having an audit furnished its parent corporation. And this is especially true since the proceedings against Transamerica by the Commission are no longer directed to the exposure of the Bank's affairs. In this view, while such an agreement ought to be just as binding on counsel for the Commission as it would be on counsel in a lawsuit between private parties, and we do not approve of its violation, if any, we think it unnecessary to compel compliance.

On the whole case we are of opinion that there has been shown no ground for any relief which this court is authorized to extend. The proceeding with reference to Transamerica has already been protracted beyond reasonable limits, and we think that the Commission should without further hindrance proceed with its hearings in the light of the situation as it exists now and in accordance with the views expressed by us here and in our former opinion. For the reasons stated by us we affirm the judgment of dismissal.

Affirmed.